### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | |
|---|---|
| **DARREL HORRY,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 4:23-CV-00123-CDL-MSH |
| **CERT OFFICER TRIPLETT,** *et al.*, | : |
| **Defendants.** | : |

### ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Darrel Horry has paid the initial partial filing fee and filed a response to the Court's show cause order. Plaintiff's claims are now ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e). Having conducted such review, the undersigned finds that Plaintiff's Fourth Amendment claims against Defendant Triplett shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.

*Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his treatment at the Muscogee County Prison in 2022 and 2023. Attach. 1 to Recast Compl. 5, ECF No. 8-1. Plaintiff lists four sets of claims in his Recast Complaint: (1) "invasion of privacy" claims concerning an allegedly unlawful strip search; (2) claims concerning the food being served at the prison; (3) claims concerning his disciplinary reports; and (4) claims concerning alleged staff neglect of his grievances. Recast Compl. 5, ECF No. 8.

A.   *Fourth Amendment Claims*

Plaintiff alleges that on March 23, 2023, CERT officer Triplett sexually harassed and intimidated him during a strip search after Plaintiff returned from an outside detail. Attach. 1 to Recast Compl. 8, ECF No. 8-1. Plaintiff alleges Defendant Triplett conducted the search in front of Plaintiff's co-workers and in front of a camera that fed to a monitor facing the main hallway that could be viewed by other inmates and officers. *Id.* These allegations could give rise to claims under the Fourth Amendment of the United States Constitution, which provides, "The right of the people to be secured in their persons . . .

3

against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

It is well established that "prisoners retain a constitutional right to bodily privacy." *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (internal quotation marks omitted). This right, however, is necessarily limited by the nature of incarceration. *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees," and prison officials must "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 546-47. To this end, a policy permitting strip searches is considered constitutional if it is "reasonable." *See Powell v. Barrett*, 541 F.3d 1298, 1305 (11th Cir. 2008) (en banc); *see also Bell*, 441 U.S. at 558 (holding that "[t]he Fourth Amendment prohibits only unreasonable searches"). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell*, 441 U.S. at 559. Rather, "each case . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. *Id.* Courts must therefore examine "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

In this case, Plaintiff has alleged that Defendant Triplett performed the search in a harassing manner with the intent to "humiliate" Plaintiff, threatened to send Plaintiff "to

4

the hole if he objected," and treated Plaintiff during the search in a way Defendant Triplett found to be "humorous." Attach. 1 to Compl. 8, ECF No. 8-1. Plaintiff's allegations also suggest that his genitals were exposed to numerous other inmates and staff members, which could indicate that the search was unreasonable. *Fortner*, 983 F.2d at 1030 (observing that "because most people have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating"); *cf. also Justice v. City of Peachtree City*, 961 F.2d 188, 193 (11th Cir. 1992) (search was conducted in "least intrusive manner" where members of the same sex performed search, only participants were present to conduct search, and search was visual only and did not include body cavities). At this early stage, the Court therefore cannot conclude that Plaintiff's Fourth Amendment claims against Defendant Triplett are necessarily frivolous, and they shall proceed for further factual development.[1]

Plaintiff also mentions 42 U.S.C. §§ 1985 and 1986 in his Recast Complaint. Attach. 1 to Recast Compl. 6, ECF No. 8-1. While 42 U.S.C. § 1985(3) provides a cause of action for the conspiracy to deprive a person of their civil rights, Plaintiff's vague and conclusory allegations of a conspiracy are nothing more than speculation. *Cf., e.g., Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam) (finding that district court properly exercised discretion to dismiss conspiracy claim prior to service where plaintiff

---

[1] The Court notes that a search conducted in an abusive manner or one that is inflicted solely with the intent to punish would "not . . . be condoned" and could give rise to a separate Eighth Amendment claim, although it is not clear whether such circumstances exist in this case. *Powell*, 541 F.3d at 1305-06.

made only a "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts"). Plaintiff's § 1985 claims are therefore subject to summary dismissal, along with Plaintiff's § 1986 claims, which would be derivative of his § 1985 claims. *See Cooksey v. Waters*, 435 F. App'x 881, 883 (11th Cir. 2011) (per curiam) (affirming grant of summary judgment on §§ 1985 and 1986 claims where plaintiff had made only "[c]onclusory allegations of discrimination and conspiracy, without more").

### B.     *Dismissal of Remaining Claims as Unrelated*

Plaintiff also raises claims concerning his disciplinary hearings, various grievances filed with Defendants, and the food provided to him at the prison. These claims are subject to dismissal because they are not related to Plaintiff's claims regarding Defendant Triplett's search.[2] The Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. To properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief

---

[2] Although Plaintiff alleges that prison officials did not respond to some of his grievances, it does not appear that Plaintiff is alleging that prison officials failed to respond to any grievance he filed about Defendant Triplett's search. Even if he had, however, prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). Thus, any due process claim Plaintiff may have wished to raise concerning prison officials' handling of any grievance related to Defendant Triplett's conduct would be subject to dismissal for failing to state a claim upon which relief may be granted.

against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[3] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted). In exercising its discretion regarding joinder, the Court should "provide a reasoned analysis that comports with the requirements of the Rule" and "based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). The Court's discretion is also informed by the PLRA and its goals of preventing unwieldy litigation, ensuring the payment of filing fees, and limiting prisoners' ability to bring frivolous cases. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In this case, Plaintiff has not pleaded facts sufficient to establish that his Fourth Amendment claims against Defendant Triplett are logically related to his remaining claims.

---

[3] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

The Eleventh Circuit has held that more than just a minimal connection between a series of different transactions or occurrences must exist before joinder is proper. *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (per curiam) (holding that prisoner failed to demonstrate that claims against defendants arose out of the same transaction, occurrence, or series of transactions or occurrences where the only "connection between the people and events [the prisoner] described" was that the actions "showed indifference to his failing health"); *see also State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984) (affirming denial of joinder where allegations against proposed defendant were "only tangentially related to the issues and series of transactions" in the pending case because "[d]ifferent elements of proof are required for the proposed cause of action, involving different questions of fact and law"). In this case, Plaintiff's claims against Defendant Triplett are based on an entirely different theory of recovery and different facts than his claims against the remaining Defendants. At best, Plaintiff suggests that a conspiracy existed between Defendants to violate his constitutional rights. Attach. 1 to Compl. 9, ECF No. 8-1 ("It is very clear at this point that these Respondents intelligently engage in an all encompassing conspiracy to intentionally use oppression as a weapon against Plaintiff and those similarly situated in order to assault, intimidate, threaten, and deprive Plaintiff into a lawful and unfair living and working conditions."). But as noted above, a relationship between claims must be demonstrated by more than just a general, conclusory assertion of an overarching conspiracy or retaliatory motive among all defendants; the connection must be factually supported in the complaint. Plaintiff's bare suggestion of a conspiracy or retaliatory motive is not enough to show that

his claims bear any logical relationship to one another for purposes of Rule 20. Because joinder is thus inappropriate, and because it does not appear that the statute of limitations would bar Plaintiff from refiling his remaining claims if he acts promptly to do so, these claims should be dismissed without prejudice. *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice").[4]

### III. Conclusion

In accordance with the foregoing, Plaintiff's Fourth Amendment claims that Defendant Triplett conducted an unreasonable strip search shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written

---

[4] Because these claims would be dismissed without prejudice, Plaintiff may refile his claims if he desires. The Clerk is **DIRECTED** to furnish Plaintiff a copy of the Court's standard § 1983 form that Plaintiff may use for this purpose.

objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Triplett, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines

that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may**

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 20th day of September, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE