IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 4:23-CV-123-CDL-MSH |
| | : | |
| CERT OFFICER TRIPLETT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### **ORDER**

Pending before the Court is Plaintiff's motion for appointment of counsel (ECF No. 21). Plaintiff claims that appointed counsel is necessary because of the complexity of the case, difficulties in litigating while incarcerated including limited legal resources at the prison in which he is currently incarcerated, and his limited skill in cross examination and presentation of evidence. Pl.'s Mot. to Appoint Couns. 1, ECF No. 21.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

(1) the type and complexity of the case; (2) whether the plaintiff is capable

of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. The Court disagrees that the case is complex, and Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 21) is **DENIED**.

**SO ORDERED**, this 10th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE