IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:23-cv-123-CDL-AGH |
| | : | |
| CERT OFFICER TRIPLETT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER AND RECOMMENDATION

On June 27, 2024, the Court received Plaintiff's Motion to Show Good Cause Defendant is Evading Service. ECF No. 42. Therein, Plaintiff seeks leave to join Deputy Warden Thomas as a defendant in this case. Plaintiff claims that Thomas lied about Defendant Triplett's military deployment so that Defendant Triplett could evade personal service. Thomas should thus be joined as "a punishment." Further, Plaintiff claims Thomas is Defendant's supervisor and knew that the "strip search procedure is illegal[.]" *Id.* For the following reasons, the Court grants Plaintiff's request to join Thomas as a defendant, but recommends dismissal of that claim upon a preliminary review.

### I.   Standard for permissive joinder

Permissive joinder, such as Plaintiff requests here, is governed by Federal Rule of Civil Procedure 20(a). Under Rule 20(a), a plaintiff must

> demonstrate two prerequisites in order to permissively join a party: first, the claims against the party to be joined must "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences,"

and second, there must be some question of law or fact common to all
parties to be joined.

*Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (alteration in original) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). Although joinder is "strongly encouraged[,]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), "district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" *Vanover*, 857 F.3d at 839 (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

## II.   Plaintiff's request for joinder

As best the Court can tell, Plaintiff seeks to join Deputy Warden Thomas to assert that Thomas should be held liable for Defendant Triplett's actions by virtue of being Triplett's supervisor. Pl.'s Mot. for Joinder, ECF No. 42. Plaintiff states that Thomas should be joined as a defendant because Thomas assisted Defendant Triplett in evading service. *Id.* As explained directly above, however, there are rules governing joinder; an individual cannot otherwise be joined as a party to a matter merely as a sanction for a perceived wrong. Thus, the Court denies Plaintiff's request to join Thomas as "a punishment."

However, liberally construing Plaintiff's motion, it appears that Plaintiff is attempting to assert a claim against Thomas that may arise out of the same transaction or occurrences as alleged against Defendant Triplett. In his recast complaint, Plaintiff alleges that Defendant Triplett conducted a strip search in a

sexually harassing manner. Recast Compl. Attach. 1 at 8, ECF No. 8-1. In his motion for joinder, Plaintiff contends that Thomas "gives the orders and sets procedure for staff on the pat down search." Pl.'s Mot. for Joinder. Thus, construing Plaintiff's allegations liberally, Plaintiff appears to assert a claim against Thomas that arises out of the same transaction or occurrence as alleged against Defendant Triplett. Therefore, the Court **GRANTS** Plaintiff's motion for joinder (ECF No. 42) to the extent he alleges a claim against Thomas arising out of the same occurrence as alleged against Defendant Triplett.

### III. Preliminary review of Plaintiff's claim against Defendant Thomas

Having joined Thomas in this matter, the Court must screen the claim asserted against him because the Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP") (ECF Nos. 1, 6). Under 28 U.S.C. § 1915(e)(2), after a court grants a plaintiff's motion for leave to proceed IFP, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action[.]" *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff contends that Thomas is Defendant Triplett's supervisor. Pl.'s Mot. for Joinder. Supervisory officials are not liable under 42 U.S.C. § 1983 on the basis of *respondeat superior* or supervisory liability. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

4

As the Court previously explained to Plaintiff, *see* ECF No. 24 at 5, a causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (citation omitted). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id*.

While Plaintiff alleges that Thomas gives orders and sets the procedures for pat down searches, Plaintiff has not articulated any <u>facts</u> establishing a history of similar acts at the prison or that Thomas maintained an improper custom or policy with regard to pat down searches. *See Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 958 (11th Cir. 2019) (prisoner failed to state supervisory liability claim where he failed to "point to other instances" of unconstitutional conduct or allege any facts concerning the policies or customs that led to constitutional violations). Plaintiff also does not allege facts sufficient to show that Thomas directed Defendant Triplett to act unlawfully or knew Defendant Triplett would do so and failed to stop him. At most, Plaintiff states that Thomas gives orders and sets procedures for pat down searches. Plaintiff's conclusory allegations are therefore insufficient to show a colorable supervisory liability claim against Thomas. As a result, **IT IS**

**RECOMMENDED** that Plaintiff's claim against Deputy Warden Thomas be **DISMISSED** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objection to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation must be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 24th day of September, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE