IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DARREL HORRY,

          Plaintiff,

v.

CERT OFFICER TRIPLETT, *et al.*

          Defendants

Case No. 4:23-cv-123-CDL-AGH

## <u>PROTECTIVE ORDER</u>

Defendants (former) Deputy Warden Thomas and Officer Triplett (collectively "Defendants") hereby submit this Proposed Protective Order relating to Plaintiff's request for and Defendants' production under Court Order of the confidential Georgia Department of Corrections ("GDC") Policy 226.01, entitled Searches, Security Inspections, and Use of Permanent Logs, (hereinafter the "Policy") in compliance and accordance with the Court's instructions during the December 5, 2025 Motion to Compel Hearing, the Court's December 5, 2025 Text Order [ECF No. 96], and the Court's January 30, 2026 Order [ECF No. 101]. The Court possesses the inherent power to manage its docket and discovery. *Degen v. United States,* 517 U.S. 820, 826 (1996) ("[T]he District Court has its usual authority to manage discovery in a civil suit, including the power to enter protective orders limiting discovery as the interests of justice require.") The Policy requested is protected by the "law enforcement privilege" and has been designated as confidential and "contraband for offender[s] to possess" by the GDC. [*See* ECF No. 94] Thus, Defendants' Proposed Protective Order clearly falls under the inherent authority of this Court to manage discovery and to

prevent or limit innate risks associated with the production of the Policy to Plaintiff, a convicted felon.

Defendants seek a Protective Order with respect to the Policy, which is the only document in Defendants' possession that is responsive to Plaintiff's Request for a copy of the "LOP or Policy that gives instruction on how strip searches should be done." [ECF No. 84 at ¶ 1] Defendants objected to this Request because of the GDC protected status of the Policy. On December 5, 2025, the Court ordered Defendants to produce the Policy to the Court *ex parte* along with proposed redactions for the Court's consideration. Per the Court's instructions, Defendants submitted complete and redacted copies of the Policy to the Court *in camera*. In considering whether and to what extent Plaintiff shall be permitted to review the Policy, Defendants respectfully request that the Court adopt the terms proposed herein.

Defendants request that Plaintiff's review of the Policy be strictly limited to the final redacted version of the Policy, approved by the Court following the *in camera* review. Defendants request that the Policy be filed and kept by the Court under seal. Plaintiff shall be allowed access to the redacted version of the policy upon reasonable request for purposes of preparing his response to Defendants' Motion for Summary Judgment. Plaintiff shall not be permitted to possess any physical or digital copy of the Policy (redacted or complete) as the Policy is classified by the GDC as contraband for offenders. However, Plaintiff shall be permitted to prepare and retain notes on the Policy. In the event that Plaintiff does retain notes on or reflecting the Policy, possession of any and all such notes beyond the date of final determination in this

Case shall be considered the possession of unlawful contraband (equal to the Policy itself), which shall result in appropriate repercussions, confiscation, and/or destruction. Furthermore, upon reviewing the Policy, Plaintiff shall not disclose in any manner whatsoever the Policy, or the contents thereof, to any person not acting and participating as an attorney of record in this action.

WHEREFORE, Defendants pray that the Court enter an Order adopting these parameters and appropriately limiting Plaintiff's review of the Policy and for any and all further relief as the Court deems just and appropriate.

Respectfully submitted, this 3rd day of February, 2026.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: /s/Julie D. Johnson
    Julie D. Johnson
    Ga. Bar No. 154102
    jjohnson@pagescrantom.com
    Guy H. Kenimer, Jr.
    Ga. Bar No. 202497
    gkenimer@pagescrantom.com

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

By: /s/ Clifton C. Fay
    Clifton C. Fay
    Ga. Bar No. 256460
    cfay@columbusga.org
    Lucy T. Sheftall

P.O. Box 1340
Columbus, Georgia 31902
    Ga. Bar No. 639813
    lsheftall@columbusga.org

*Counsel for Defendants*

3

## ORDER

The Court, having reviewed the information contained in the Proposed Protective Order completed and submitted by Defendants to this action in accordance with the instructions provided by the Court during the December 5, 2025 Motion to Compel Hearing, hereby adopts the Protective Order and makes it the order of the Court.

**SO ORDERED**, this 4th day of February, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated below, I emailed this Proposed Protective Order to the Court as directed by the Court's January 30, 2026 Order [ECF No. 101] at columbus.ecf@gamd.uscourts.gov and served a true and correct copy of the same on Plaintiff, by mail with postage pre-paid and addressed as follows:

Darrel Horry
Inmate No. 1003108776
Gwinnett County Prison
750 Hi Hope Rd.
Lawrenceville, GA 30046

*Pro Se Plaintiff*

This 3rd day of February, 2026.

/s/ Julie D. Johnson
*Counsel for Defendants*

5